EASTON *et al.* v. HO᛫STON & T. C. RY. Co. *et al.*

(*Circuit Court, E. D. Texas.*   June 4, 1889.)

1. RAILROAD COMPANIES — MORTGAGE FORECLOSURE — TRUSTEES AND RECEIVERS — COMPENSATION.
  On foreclosure proceedings it appeared that the trustees and receivers contracted originally to render their services for the sum of $1,500, and that they were paid such sum up to the beginning of the litigation; that since the litigation commenced they have been paid by allowances by the court to them as receivers, and by appropriation by themselves as trustees, at the rate of $4,500 per year.   The services rendered were not exclusive of their business, and did not take all or nearly all of their time, and there was no great responsibility requiring extraordinary compensation. *Held*, that they had been amply compensated, and that an extra allowance was improper.

2. SAME.
  The allowance of $500 was ample compensation for the services of a trustee of a mortgage, of which there was only one bond of $500 outstanding, the balance of the issue of $1,500,000 being deposited with a trust company; his services in the litigation being merely nominal, and going no further than the use of his name.

3. SAME — ATTORNEYS' FEES.
  Such trustee insisted on the services of his attorneys in filing the bill for foreclosure of the mortgage of which he was trustee; and it was admitted that at the time of such employment such services were worth $2,500.   *Held*, that such sum should be allowed to the attorneys.

4. SAME.
  In the foreclosure proceedings there was no substantial contest, the whole matter being practically carried out in pursuance of a plan of reorganization, for which the solicitors for complainants were in no particular degree responsible.   *Held*, that the sum of $100,000 should be allowed as compensation to the solicitors who represented the trustees of all the mortgages.

In Equity.   On exceptions to the master's report on the subject of compensation.

*Farrar, Jonas & Kruttschnitt*, for Central Trust Company.

*T. J. Semmes*, for Rintoul and Easton, trustees, and for Sullivan & Cromwell and Davenport, Dilloway & Leeds.

*Willie, Mott & Ballinger, in pro. per.*, and for Ballinger, Mott & Terry.

*Goldthwaite & Ewing, in pro. per.*, and for Sheperd, trustee.

Before LAMAR, Justice, and PARDEE, J.

PER CURIAM. This cause has been heard on the exceptions of the Central Trust Company, and other parties interested, to the allowances made by the master to Messrs. Easton and Rintoul, trustees and receivers, and to Messrs. Sullivan & Cromwell, solicitors for Easton, trustee, and to Messrs. Davenport, Dilloway & Leeds, solicitors for Rintoul, trustee, and upon the exceptions of Messrs. Goldthwaite & Ewing to the insufficiency of the allowance made to them as solicitors of Benjamin Sheperd, trustee, and upon the exception of Benjamin Sheperd, trustee, to the insufficiency of the allowance made to him as the trustee of the indemnity mortgage, and upon the exceptions of Ballinger, Mott & Terry and Willie, Mott & Ballinger to the allowance made to them as solicitors for Easton and Rintoul, trustees, and for the Farmers' Loan & Trust Company, trustees; and was argued.

We have examined the master's report, and considered the evidence in relation to the matters involved in these exceptions, and in the report of the special master. In regard to the services of Rintoul and Easton, trustees and receivers, we have considered that their services in and about the litigation, which ended in the foreclosure of all the mortgages against the Houston & Texas Central Railway Company, were not exclusive of their business; not of such a nature as to take all, or nearly all, of their time; that there was no great responsibility requiring extraordinary compensation, but that their services were perfectly consistent with following their regular avocations; and that, as a matter of fact in the case, Trustee Rintoul makes no pretense that he has been hindered or delayed in any way in the transaction of his regular and legitimate business. We find in the case that these gentlemen contracted originally to render their services for the sum of $1,500 a year, and that they were paid such sum up to the beginning of this litigation; that since the litigation commenced they have been paid in various ways—through allowances by the court to them as receivers, and by appropriations made by themselves as trustees—the full sum of $17,500 each, or at about the rate of $4,500 per year since the litigation begun. Under these circumstances, we are of the opinion that the said receivers have been amply paid and compensated for the services rendered by them in the amounts that they have already received in the case. We therefore conclude that the exceptions to the master's report, making each of them an additional allowance, are well taken.

As to the compensation of Sheperd, trustee, we find that he was trustee of a mortgage of which there was only one bond of $500 outstanding, the balance of the issue of $1,500,000 being deposited with a trust company; that he has rendered no services for which he has not been compensated; and that his services in this litigation were merely nominal, and went no further than the use of his name; and that the allowance by the master to him of $500 was ample compensation for all that he has done in the case. It was practically admitted on the hearing that the services of Goldthwaite & Ewing, in filing the bill for the foreclosure of the indemnity mortgage, of which Sheperd was trustee, were insisted upon by Sheperd, trustee; and that at the time of employment such

services were admitted to be worth $2,500. We therefore think that that sum should have been allowed by the master, and that the exception filed by Goldthwaite & Ewing is well taken.

As to the compensation of the solicitors who represented the trustees of all of the mortgages that were foreclosed in this suit, considering that the services were rendered under the eye of the court, and that the judges are well acquainted with the character of the services, and that in the foreclosure proceedings proper there was no substantial contest, the whole matter being practically carried out in pursuance of a plan of reorganization, for which the solicitors for complainants were in no particular degree responsible, we are of the opinion that the sum of $100,000 will be ample and generous compensation; and we are of the opinion that this compensation should be apportioned among the several counsel employed as follows: $2,500 to the firm of Goldthwaite & Ewing, solicitors for the trustee in the indemnity mortgage; that the balance, $97,500, should be equally divided between the New York solicitors for Rintoul and Easton, trustees in the several mortgages represented by them; and the solicitors of the Farmers' Loan & Trust Company in the several mortgages represented by said trust company; and the firms of Ballinger, Mott & Terry and Willie, Mott & Ballinger, who represented in Texas all the said trustees, with the exception of Sheperd, trustee of the indemnity mortgage. This apportionment will give to Messrs. Sullivan & Cromwell the sum of $16,250, which amount, by the report of the master, it seems they have already been paid by the trustees represented by them out of the trust fund; to Davenport, Dilloway & Leeds, solicitors for Rintoul, trustee, the sum of $16,250, which, by the report of the master, has also been paid by the said trustees out of the trust fund. The solicitors for the Farmers' Loan & Trust Company, by stipulation heretofore filed in the case, have accepted in full compensation the sum of $32,250, which is but $250 less than would have been set apart to them under this apportionment. It gives to Messrs. Ballinger, Mott & Terry and Willie, Mott & Ballinger, who represented both sets of trustees in Texas, the sum of $32,500. By the master's report it appears that they have been paid on account the sum of $7,250 by the trustees represented by them, leaving, according to this apportionment, the sum of $25,250, which should be further reduced by such sums as said firms have received, pending this litigation, as the counsel for the several receivers in the case. For these reasons, it is therefore ordered, adjudged, and decreed that the master's report in this case on the compensation of Messrs. Rintoul and Easton, trustees, be so amended as to recommend no further allowance to them beyond the amounts they have already been paid by the court as receivers, and paid themselves, as trustees, for their services in the case. That in the matter of compensation to Messrs. Sullivan & Cromwell, solicitors for Nelson S. Easton, the report be so amended as to find that they have been amply compensated for their services rendered in this case by the amounts already received from the trust funds, and that they are entitled to no further allowance. As to the compensation of Davenport, Dilloway & Leeds, that the master's re-

port be so amended as to find that they have been amply compensated for their services in the case by the amounts already received from the trust funds, and that no further allowance be made to them. That on the compensation of Ballinger, Mott & Terry and Willie, Mott & Ballinger, the said master's report be so amended as to find that they are entitled for their services rendered in and about the said suit the sum of $32,500, and that they should be allowed such sum subject to credit for the amounts received on account either from the trustees or for services rendered to the receivers. That in the matter of compensation of Goldthwaite & Ewing, the master's report should be amended so as to recommend an allowance of $2,500 for their services in and about the said litigation. That, as amended, all exceptions to the said report be, and the same are hereby, overruled, and the said report as amended be, and the same is, approved and confirmed.